## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BRIAN MICHAUD,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **MIDLAND FUNDING, LLC,** | ) |
| | ) |
| **Defendant** | ) |

## COMPLAINT – JURY TRIAL DEMANDED

1.     This is an action by an individual Connecticut consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§1692 *et seq*., and the Connecticut Creditor's Collection Practices Act (Connecticut General Statutes § 36a-645, hereinafter "CCCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"), C. G. S. § 42-110a, *et seq*.

2.     This Court is a court of competent jurisdiction and has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d) and supplemental jurisdiction over the state law claims herein pursuant to 28 U.S.C. § 1367.

**THE WOODS LAW FIRM, LLC**
100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦
RODERICK.WOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

3.     Plaintiff, Brian Michaud (or "Plaintiff"), is a natural person residing in the State of Connecticut as of the time of the commencement of this action and was, upon information and belief, a resident of the State of Connecticut at all times relevant hereto.

4.     Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

5.     Upon information and belief and at all times relevant hereto, the principal purpose of Defendant, Midland Funding, LLC (or "Defendant"), is the collection of defaulted debts using the mails and telephone.

6.     In fact, Midland regularly attempt to collect debts to be due to another, including consumer debts in the State of Connecticut, and, upon information and belief, maintain collection agency licenses with the Connecticut Department of Banking.

7.     Upon information and belief, and at all times relevant hereto, Midland is a limited liability company organized pursuant to the laws of the State of Delaware, with its principal place of business in San Diego, California.

## **FACTUAL ALLEGATIONS**

8.     Beginning on or about August, 2016, Defendant initiated a relentless campaign of harassment against Plaintiff, which included telephone calls and written correspondence, concerning an alleged consumer debt in the amount of $6,276.17 allegedly owed to "Citibank, N.A. The Home Depot."   The Plaintiff, who is indigent, and, due to such indigence, commenced this action by

requesting leave to proceed *in forma pauperis*, denies ever owing the alleged balance to Citibank, N.A., The Home Depot.

9.      On or about August 9, 2016, Defendant commenced a court action against Plaintiff in Hartford, Connecticut, bearing docket number HHD-CV16-6070223-S.

10.     On or about November 22, 2016, Plaintiff, pursuant to the terms and conditions of the Citibank, N.A. card member agreement which controlled the alleged defaulted account, duly filed a Demand for Arbitration of the Superior Court debt collection lawsuit with JAMS Arbitration.

11.     JAMS accepted the demand from Plaintiff and assigned the matter file number 1425022484.  At this point, Plaintiff, acting pursuant to the card member agreement that Defendant was bound to through the sale by Citibank, N.A. of the alleged debt, had elected arbitration as a means of resolving the Superior Court debt collection litigation.

12.     Little prolixity surrounds the language of the arbitration provision.  The debt was ostensibly sold by Citibank, N.A. to Midland Funding, LLC although little documentation supporting Defendant's claims was ever provided to the Plaintiff.  The Arbitration and Litigation section of the card member agreement, nevertheless, survived the sale of the debt and applied in full force to Defendant.

13.     Following receipt of the Plaintiff's arbitration demand and the opening of the arbitration file, JAMS submitted invoices to the Plaintiff and Defendant.

14.     Defendant, however, refused to pay its share of the JAMS invoice, refused to participate in arbitration, and refuses to participate in arbitration notwithstanding the Plaintiff's election of arbitration pursuant to the card member agreement to which Defendant is bound by virtue of the sale of the alleged debt to it from Citibank, N.A..

15.     Defendant's labyrinthine end-run around the Arbitration clause in the contract that Defendant is bound to constitutes an unfair or unconscionable means to collect or attempt to collect a debt.

16.     As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

### Claims For Relief

### 1.  Defendant's Violation of 15 U.S.C. § 1692 f

17.     Paragraphs 1-16 are re-alleged as if fully re-stated.

18.     15 U.S.C. §1692 f states that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  (See, 15 U.S.C. 1692 f).

19.     Beginning on or about August, 2016, Defendant initiated a relentless campaign of harassment against Plaintiff, which included telephone calls and written correspondence, concerning

**THE WOODS LAW FIRM, LLC**
100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦
RODERICK.WOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

an alleged consumer debt in the amount of $6,276.17 allegedly owed to "Citibank, N.A. The Home Depot." The Plaintiff, who is indigent, and, due to such indigence, commenced this action by requesting leave to proceed *in forma pauperis*, denies ever owing the alleged balance to Citibank, N.A., The Home Depot.

20.     On or about August 9, 2016, Defendant commenced a court action against Plaintiff in Hartford, Connecticut, bearing docket number HHD-CV16-6070223-S.

21.     On or about November 22, 2016, Plaintiff, pursuant to the terms and conditions of the Citibank, N.A. card member agreement which controlled the alleged defaulted account, duly filed a Demand for Arbitration of the Superior Court debt collection lawsuit with JAMS Arbitration.

22.     JAMS accepted the demand from Plaintiff and assigned the matter file number 1425022484. At this point, Plaintiff, acting pursuant to the card member agreement that Defendant was bound to through the sale by Citibank, N.A. of the alleged debt, had elected arbitration as a means of resolving the Superior Court debt collection litigation.

23.     Little prolixity surrounds the language of the arbitration provision. The debt was ostensibly sold by Citibank, N.A. to Midland Funding, LLC although little documentation supporting Defendant's claims was ever provided to the Plaintiff. The Arbitration and Litigation section of the card member agreement, nevertheless, survived the sale of the debt and applied in full force to Defendant.

24.     Following receipt of the Plaintiff's arbitration demand and the opening of the arbitration file, JAMS submitted invoices to the Plaintiff and Defendant.

25.     Defendant, however, refused to pay its share of the JAMS invoice, refused to participate in arbitration, and refuses to participate in arbitration notwithstanding the Plaintiff's election of arbitration pursuant to the card member agreement to which Defendant is bound by virtue of the sale of the alleged debt to it from Citibank, N.A..

26.     Defendant's labyrinthine end-run around the Arbitration clause in the contract that Defendant is bound to constitutes an unfair or unconscionable means to collect or attempt to collect a debt.

27.     Defendant's conduct unquestionably contravened 15 U.S.C. §1692 f and constituted a violation of the FDCPA.

28.     As a result of the above violation(s) of the FDCPA, Defendant is liable to the Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II.  Defendant's Violation of the Connecticut Unfair Trade Practices Act

29.     Paragraphs 1-16 are re-alleged as if fully re-stated.

30.     Beginning on or about August, 2016, Defendant initiated a relentless campaign of harassment against Plaintiff, which included telephone calls and written correspondence, concerning

an alleged consumer debt in the amount of $6,276.17 allegedly owed to "Citibank, N.A. The Home Depot." The Plaintiff, who is indigent, and, due to such indigence, commenced this action by requesting leave to proceed *in forma pauperis*, denies ever owing the alleged balance to Citibank, N.A., The Home Depot.

31.     On or about August 9, 2016, Defendant commenced a court action against Plaintiff in Hartford, Connecticut, bearing docket number HHD-CV16-6070223-S.

32.     On or about November 22, 2016, Plaintiff, pursuant to the terms and conditions of the Citibank, N.A. card member agreement which controlled the alleged defaulted account, duly filed a Demand for Arbitration of the Superior Court debt collection lawsuit with JAMS Arbitration.

33.     JAMS accepted the demand from Plaintiff and assigned the matter file number 1425022484. At this point, Plaintiff, acting pursuant to the card member agreement that Defendant was bound to through the sale by Citibank, N.A. of the alleged debt, had elected arbitration as a means of resolving the Superior Court debt collection litigation.

34.     Little prolixity surrounds the language of the arbitration provision. The debt was ostensibly sold by Citibank, N.A. to Midland Funding, LLC although little documentation supporting Defendant's claims was ever provided to the Plaintiff. The Arbitration and Litigation section of the card member agreement, nevertheless, survived the sale of the debt and applied in full force to Defendant.

35.     Following receipt of the Plaintiff's arbitration demand and the opening of the arbitration file, JAMS submitted invoices to the Plaintiff and Defendant.

36.     Defendant, however, refused to pay its share of the JAMS invoice, refused to participate in arbitration, and refuses to participate in arbitration notwithstanding the Plaintiff's election of arbitration pursuant to the card member agreement to which Defendant is bound by virtue of the sale of the alleged debt to it from Citibank, N.A..

37.     Defendant's labyrinthine end-run around the Arbitration clause in the contract that Defendant is bound to constitutes an unfair or unconscionable means to collect or attempt to collect a debt.

38.     Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

39.     Simply, Defendant engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

40.     A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

41.     By virtue of the aforesaid, Defendant has violated the Connecticut Unfair Trade Practices Act and are liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

### III.   Defendant's Violation of the Connecticut Creditor's Collection Practices Act

42.     Paragraphs 1-16 are repeated as if fully re-alleged.

43.     Beginning on or about August, 2016, Defendant initiated a relentless campaign of harassment against Plaintiff, which included telephone calls and written correspondence, concerning an alleged consumer debt in the amount of $6,276.17 allegedly owed to "Citibank, N.A. The Home Depot."  The Plaintiff, who is indigent, and, due to such indigence, commenced this action by requesting leave to proceed *in forma pauperis*, denies ever owing the alleged balance to Citibank, N.A., The Home Depot.

44.     On or about August 9, 2016, Defendant commenced a court action against Plaintiff in Hartford, Connecticut, bearing docket number HHD-CV16-6070223-S.

45.     On or about November 22, 2016, Plaintiff, pursuant to the terms and conditions of the Citibank, N.A. card member agreement which controlled the alleged defaulted account, duly filed a Demand for Arbitration of the Superior Court debt collection lawsuit with JAMS Arbitration.

46.     JAMS accepted the demand from Plaintiff and assigned the matter file number 1425022484.  At this point, Plaintiff, acting pursuant to the card member agreement that Defendant was bound to through the sale by Citibank, N.A. of the alleged debt, had elected arbitration as a means of resolving the Superior Court debt collection litigation.

47.     Little prolixity surrounds the language of the arbitration provision.  The debt was ostensibly sold by Citibank, N.A. to Midland Funding, LLC although little documentation supporting Defendant's claims was ever provided to the Plaintiff.  The Arbitration and Litigation section of the card member agreement, nevertheless, survived the sale of the debt and applied in full force to Defendant.

48.     Following receipt of the Plaintiff's arbitration demand and the opening of the arbitration file, JAMS submitted invoices to the Plaintiff and Defendant.

49.     Defendant, however, refused to pay its share of the JAMS invoice, refused to participate in arbitration, and refuses to participate in arbitration notwithstanding the Plaintiff's election of arbitration pursuant to the card member agreement to which Defendant is bound by virtue of the sale of the alleged debt to it from Citibank, N.A..

50.     Defendant's labyrinthine end-run around the Arbitration clause in the contract that Defendant is bound to constitutes an unfair or unconscionable means to collect or attempt to collect a debt.

51.     Defendant's unfair attempt to collect an alleged debt from Plaintiff constituted a violation of CCPA.

## IV.     **Defendant's Breach of Contract**

52.     Paragraphs 1-16 are repeated as if fully re-alleged.

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦
RODERICK.WOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

53.     Beginning on or about August, 2016, Defendant initiated a relentless campaign of harassment against Plaintiff, which included telephone calls and written correspondence, concerning an alleged consumer debt in the amount of $6,276.17 allegedly owed to "Citibank, N.A. The Home Depot."   The Plaintiff, who is indigent, and, due to such indigence, commenced this action by requesting leave to proceed *in forma pauperis*, denies ever owing the alleged balance to Citibank, N.A., The Home Depot.

54.     On or about August 9, 2016, Defendant commenced a court action against Plaintiff in Hartford, Connecticut, bearing docket number HHD-CV16-6070223-S.

55.     On or about November 22, 2016, Plaintiff, pursuant to the terms and conditions of the Citibank, N.A. card member agreement which controlled the alleged defaulted account, duly filed a Demand for Arbitration of the Superior Court debt collection lawsuit with JAMS Arbitration.

56.     JAMS accepted the demand from Plaintiff and assigned the matter file number 1425022484.  At this point, Plaintiff, acting pursuant to the card member agreement that Defendant was bound to through the sale by Citibank, N.A. of the alleged debt, had elected arbitration as a means of resolving the Superior Court debt collection litigation.

57.     Little prolixity surrounds the language of the arbitration provision.  The debt was ostensibly sold by Citibank, N.A. to Midland Funding, LLC although little documentation supporting Defendant's claims was ever provided to the Plaintiff.  The Arbitration and Litigation

section of the card member agreement, nevertheless, survived the sale of the debt and applied in full force to Defendant.

58.　　Following receipt of the Plaintiff's arbitration demand and the opening of the arbitration file, JAMS submitted invoices to the Plaintiff and Defendant.

59.　　Defendant, however, refused to pay its share of the JAMS invoice, refused to participate in arbitration, and refuses to participate in arbitration notwithstanding the Plaintiff's election of arbitration pursuant to the card member agreement to which Defendant is bound by virtue of the sale of the alleged debt to it from Citibank, N.A..

60.　　Defendant's labyrinthine end-run around the Arbitration clause in the contract that Defendant is bound to constitutes an unfair or unconscionable means to collect or attempt to collect a debt.

61.　　As a result of Defendant's breach of the material term of the card member agreement pertaining to arbitration, Plaintiff suffered and continues to suffer economic damages.

### V.　　CACH's Anticipatory Breach of Contract

62.　　Paragraphs 1-16 are repeated as if fully re-alleged.

63.　　Beginning on or about August, 2016, Defendant initiated a relentless campaign of harassment against Plaintiff, which included telephone calls and written correspondence, concerning an alleged consumer debt in the amount of $6,276.17 allegedly owed to "Citibank, N.A. The Home

Depot." The Plaintiff, who is indigent, and, due to such indigence, commenced this action by requesting leave to proceed *in forma pauperis*, denies ever owing the alleged balance to Citibank, N.A., The Home Depot.

64.    On or about August 9, 2016, Defendant commenced a court action against Plaintiff in Hartford, Connecticut, bearing docket number HHD-CV16-6070223-S.

65.    On or about November 22, 2016, Plaintiff, pursuant to the terms and conditions of the Citibank, N.A. card member agreement which controlled the alleged defaulted account, duly filed a Demand for Arbitration of the Superior Court debt collection lawsuit with JAMS Arbitration.

66.    JAMS accepted the demand from Plaintiff and assigned the matter file number 1425022484.  At this point, Plaintiff, acting pursuant to the card member agreement that Defendant was bound to through the sale by Citibank, N.A. of the alleged debt, had elected arbitration as a means of resolving the Superior Court debt collection litigation.

67.    Little prolixity surrounds the language of the arbitration provision.  The debt was ostensibly sold by Citibank, N.A. to Midland Funding, LLC although little documentation supporting Defendant's claims was ever provided to the Plaintiff.  The Arbitration and Litigation section of the card member agreement, nevertheless, survived the sale of the debt and applied in full force to Defendant.

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦
RODERICK.WOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

68.     Following receipt of the Plaintiff's arbitration demand and the opening of the arbitration file, JAMS submitted invoices to the Plaintiff and Defendant.

69.     Defendant, however, refused to pay its share of the JAMS invoice, refused to participate in arbitration, and refuses to participate in arbitration notwithstanding the Plaintiff's election of arbitration pursuant to the card member agreement to which Defendant is bound by virtue of the sale of the alleged debt to it from Citibank, N.A..

70.     Defendant's labyrinthine end-run around the Arbitration clause in the contract that Defendant is bound to constitutes an unfair or unconscionable means to collect or attempt to collect a debt.

71.     Defendant was a party to the Citibank, N.A. card member agreement that controlled the alleged account by virtue of the sale of the alleged account from Citibank, N.A. to Defendant.

72.     Defendant repudiated its duty under the terms and conditions of the card member agreement.

73.     Defendant's repudiation occurred through words and conduct by refusing to participate in the arbitration process which Plaintiff elected prior to the time for performance of same.

74.     Defendant was and is bound by this Agreement.

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦
RODERICK.WOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

75.    The Plaintiff, as the non-repudiating party, suffered and continues to suffer economic damages as a result of Defendant's anticipatory breach.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1.    A Declaratory judgment that Defendant's conduct violated the FDCPA, CCPA, and the Connecticut Unfair Trade Practices Act;

2.    An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq*., as amended;

3.    Damages for breach of contract and anticipatory breach of contract;

4.    All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).

5.    Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).

6.    Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).

7.    An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).

8.    An award of punitive damages.

9.    Statutory post-judgment interest pursuant to C.G.S. §52-356d (e) and C.G.S. § 37-3a, as amended;

10.    A jury trial on all counts triable by jury;

11.    Such other and further relief as the Court deems just;

Dated at Hartford, Connecticut, this 11th day of October, 2017.

THE PLAINTIFF,
BRIAN MICHAUD

By:    _/s/ct29447_____
Roderick D. Woods, Esq.
The Woods Law Firm, LLC
100 Pearl Street, Fourteenth Floor
Hartford, Connecticut 06103
(860) 549-6275 (Tel.)
(860) 371-3242 (Fax)
CT Federal Bar Number ct29447
Roderick.woods@rdw-law.com

THE WOODS LAW FIRM, LLC

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦
RODERICK.WOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447